[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11369
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-00228-WTH-GRJ


DIANE W. SIRON,

                                                        Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 7, 2018)

Before WILLIAM PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Diane Siron appeals the district court's judgment affirming the denial of her application for disability insurance benefits and supplemental security income. After careful review, we reverse and remand for further proceedings.

## I.

Siron applied for disability insurance benefits and supplemental security income in April 2007.  Relevant here, Siron said she had an intellectual disorder that prevents her from working.  She said this disorder qualified as a disability under 20 C.F.R. pt. 404, subpart P, app. 1 § 12.05B.  At the time of her application, a person was eligible for benefits under § 12.05B if she had a "valid verbal, performance, or full scale IQ of 59 or less."  A psychologist, Dr. Carmen Tozzo-Julian, assessed Siron's full scale IQ at 59 but found Siron had a perceptual reasoning index of 73.  Dr. Tozzo-Julian concluded the perceptual reasoning index "appears to be the best measure of [Siron's] overall intelligence."  The perceptual reasoning index, coupled with Siron's work history, led Dr. Tozzo-Julian to conclude Siron "function[ed] in the borderline range of intelligence."  An administrative law judge (ALJ) relied on Dr. Tozzo-Julian's conclusion, rejected Siron's full scale IQ score in favor of the perceptual reasoning index, and denied Siron's application for benefits.

The Social Security Administration Appeals Council denied Siron's request for review.  Siron appealed to the district court, which affirmed the denial, and then

2

to this Court, which reversed and remanded for another hearing.  Siron v. Comm'r,

Soc. Sec. Admin., 556 F. App'x 797, 798 (11th Cir. 2014) (per curiam)

(unpublished).

In that first appeal, this Court held that the ALJ's decision to reject the full

scale IQ score in favor of the perceptual reasoning index was not supported by

substantial evidence.  Id. at 799.   We said:

> Although an ALJ may reject the lowest IQ score, the ALJ's decision
> to do so here was not supported by substantial evidence.
>
> First, the evidence presented in cases where we affirmed an ALJ's
> rejection of an IQ score overwhelmingly indicated that the claimant
> was not mentally retarded and likely attempted to tailor results to
> effect a desired outcome, which is not the case here. . . . Siron's
> history completely lacks evidence suggesting that she attempted to
> appear in a very unfavorable light.
>
> Second, Dr. Tozzo-Julian's determination that the [perceptual
> reasoning] index appears to be the best measure of Siron's overall
> intelligence, a determination on which the ALJ relied, is conclusory
> and unsupported by her own, more specific findings regarding Siron's
> personal and medical history, current lifestyle, daily behavior, and
> mental condition.

Id. at 799 (quotation marks omitted and alterations adopted).  We instructed the

district court to remand to the ALJ for a new hearing consistent with our opinion.

Id. at 800.

On remand, a different ALJ again denied Siron's application.  In the

introduction to his opinion, the ALJ asserted:

3

[T]he District Court miss-interpreted [sic] the prior decision.  It was not the prior Administrative Law Judge who discredited the claimant's full-scale IQ score, but rather the examining and proctoring expert physician, who, after evaluating the claimant multiple times and considering her history, determined that her [perceptual reasoning index] was the most accurate representation of her intellectual functioning."

The new ALJ relied again on Dr. Tozzo-Julian's conclusion that Siron's perceptual reasoning index was the best measure of Siron's intelligence.  The ALJ further explained that the psychologist's diagnosis of borderline intellectual functioning "is consistent with [Siron's] past relevant work, which she almost exclusively performed at the semiskilled level."  The Appeals Council denied her request for review of this second decision.

Siron then sought review in district court.  The district court affirmed the denial of benefits.  This appeal followed.

## II.

We review <u>de novo</u> questions of law, including an ALJ's interpretation of the scope of our mandate.  <u>Moore v. Barnhart</u>, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam); <u>cf.</u> <u>CSX Transp., Inc. v. Ala. Dep't of Revenue</u>, 888 F.3d 1163, 1172 (11th Cir. 2018).  We review an ALJ's decision "only to determine whether it is supported by substantial evidence."  <u>Moore</u>, 405 F.3d at 1211.  "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a

conclusion." Id.  We cannot decide the facts anew or reweigh the evidence, even if we would reach a different conclusion than the ALJ.  See id.

Because we conclude the ALJ violated our mandate and made an error of law, we must reverse and remand.

On remand after Siron's first appeal, the ALJ violated our mandate by relying once again on Dr. Tozzo-Julian's conclusion that the perceptual reasoning index was the best measure of Siron's intelligence. The first ALJ rejected Siron's full scale IQ score in reliance on Dr. Tozzo-Julian's conclusion, and this Court expressly ruled in the first appeal that the first ALJ's rejection of the full scale IQ score was unsupported by substantial evidence.  Siron, 556 F. App'x at 799.  It was error for the ALJ on remand to rely again on Dr. Tozzo-Julian's conclusion.  This Court did not misunderstand the first ALJ's opinion.  To the contrary, this Court's earlier opinion addressed the fact that Dr. Tozzo-Julian, not the ALJ, determined that the perceptual reasoning index "was the most accurate representation of [Siron's] intellectual functioning."  In light of this Court's ruling on the first appeal, it is now the law of the case that Dr. Tozzo-Julian's determination "is conclusory and unsupported by her own, more specific findings."  Siron, 556 F. App'x at 799.  This holding was binding on the ALJ, even if he disagreed with it. See CSX Transp., 888 F.3d at 1173–74.

The ALJ further erred by applying the wrong legal standard in analyzing whether Siron's intellectual disorder manifested before age 22. We have recognized a rebuttable presumption that IQ remains constant throughout life. See Hodges v. Barnhart, 276 F.3d 1265, 1268–69 (11th Cir. 2001). Thus, the ALJ was required to presume Siron had a full scale IQ of 59 before age 22. The ALJ's opinion leads us to conclude he did not correctly apply the presumption. The ALJ decided that Siron's intellectual disorder did not manifest before age 22 in part because "there are no academic records in the file." This was error. Under our precedent, Siron had no obligation to present school records proving she had an intellectual disorder before age 22. See id. at 1269 (reversing and remanding a disability case where the ALJ failed to presume from evidence of mental impairment after age 22 that the applicant had a mental impairment before age 22); see also Rudolph v. Comm'r, Soc. Sec. Admin., 709 F. App'x 930, 932–33 (11th Cir. 2017) (per curiam) (unpublished) (reversing and remanding where an ALJ failed to apply the presumption).

For these two reasons, we reverse the district court's order affirming the ALJ and remand to the district court with instructions to remand to the ALJ for further proceedings not inconsistent with this opinion. On remand, the ALJ must presume that Siron's intellectual disorder manifested before age 22. The Commissioner may present evidence to rebut this presumption. Hodges, 276 F.3d at 1269. The

6

ALJ may not reject Siron's full scale IQ of 59 based on Dr. Tozzo-Julian's opinion that Siron's perceptual reasoning index is the better measure of Siron's intelligence.  As this Court ruled in our earlier opinion, Dr. Tozzo-Julian's opinion on that point was "conclusory and unsupported by her own, more specific findings."  Siron, 556 F. App'x at 799.  The ALJ is free to rely on any other evidence in the record when ruling on Siron's application.

**REVERSED AND REMANDED.**